## Franco v. Riddle et al.

*M. Kramer*, for plaintiff.

*H. R. Detweiler*, for defendants.

OLIVER, P. J., November 9, 1953.—This is an action in trespass to recover damages for bodily injury and property damage suffered by plaintiff as a result of a collision between an automobile owned and operated by plaintiff, and a motor truck owned by defendant Riddle and operated by Demore while allegedly upon the business of defendant Riddle. Plaintiff claims defendant Demore was negligent in that, among other things, defendants' vehicle violated a red traffic signal. Defendants now petition the court under Pennsylvania Rule of Civil Procedure 4007(a) and (b) for leave to serve plaintiff with an interrogatory to learn the names and whereabouts of witnesses and also for permission to take their oral depositions.

There is no dispute as to the right of defendants, under rule 4007(a) to obtain the identity and where-

abouts of the witnesses; the difficulty here is that defendants ask for the right to proceed further, under rule 4007(b), to take their depositions.

Defendants base their request on rule 4007(b), which provides:

"Subject to the limitations provided by rule 4011, the court on petition of any party may allow the taking of depositions orally or by written interrogatories approved by the court of any party or person to discover facts, including the existence and location of tangible things."

Rule 4011 provides in part that no discovery shall be permitted which is sought in bad faith, or causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party, or which:

"(c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which

"(1) are not relevant and material to the subject matter of the pending action;

"(2) are not competent or admissible as evidence;

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

"(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner;"

It seems to us the plain meaning of rule 4007(b) indicates that, subject to rule 4011, defendants have the right to take depositions of a witness, since the rule clearly states "party or person". The taking of depositions under the rule is not limited, in other words, to a party to the action. See DeSimone et al., Administrators, v. City of Philadelphia (No. 2), 79 D. & C. 337 (1952).

But there are limitations, nonetheless, on the right to take depositions, imposed by rule 4011.

Thus, the problem here is whether or not the taking of depositions in this case would violate any of the restrictions set forth in rule 4011.

We start with the general principle that the procedural rules are to be liberally construed in order to carry out the intent of the framers. We believe little objection can be raised to this proposition. See Klosterman et ux. v. Clark et al., 78 D. & C. 263 (1949). But we cannot extend this principle so far that the result would be in direct conflict with the rules themselves. The limitations imposed by rule 4011 on discovery were intended to strike the balance between outright delay and harrassment on the one hand, and complete freedom to have an advance trial by deposition, on the other.

We think that to allow defendants to take depositions of the witnesses in this case would accomplish no practical end. Defendant Demore was present at the occurrence, and the facts are therefore within his knowledge. Consequently, to allow the depositions would be in direct violation of rule 4011(c) (3).

Petitioner also raises the point, however, that the testimony of the witnesses known to plaintiff may determine whether defendants can prove their defense. To this we need only point out that rule 4011(c) (4) refers only to the proof of a *prima facie* claim or defense of petitioner. Proof of the defense is properly left for the trial. It is clear in this case that the requested depositions are not necessary to prepare the pleadings, or to prove a prima facie claim or defense, as defendant Demore was present at the scene of the accident, and must be taken to have the facts within his knowledge. The depositions requested would merely furnish an advance statement of plaintiff's version of the occurrence. See Pollock v. Simon, 85 D. & C. 118 (1953). See also Viscusi v. Pidgeon, 80 D. & C. 574 (1952) ; Barlow v. Waples et al., 82 D. & C. 1 (1952),

and Singer et vir v. Kitty Kelly Market Street Corporation, 81 D. & C. 383 (1952). In the Barlow case, Judge Flood expressed the opinion that discovery under the Pennsylvania Rules of Civil Procedure is not intended to allow a party to "procure a script for the trial". No more than this could result by allowing discovery in this case under rule 4007(*b*).

We therefore conclude that the Rules of Civil Procedure do not permit discovery of the facts which defendants here seek from plaintiff under rule 4007(*b*). However, defendants are entitled to the identity and whereabouts of witnesses they request under rule 4007(*a*), which is not subject to the limitations of rule 4011.

And now, November 9, 1953, defendants' rule to take depositions of witnesses disclosed by plaintiff under rule 4007(*b*) is dismissed, and defendants' rule to serve an interrogatory upon plaintiff as to the identity and whereabouts of witnesses under rule 4007(*a*) is made absolute, and plaintiff is ordered to answer said interrogatory within 20 days of service upon him by defendants.